David A. Shimkin (SBN 290818)
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: 213.892.7900
Facsimile: 213.892.7999
dshimkin@cozen.com

*Attorneys for Defendant*
*Exquisite Apparel Corp.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLEMNITY PERSONNEL, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>EXQUISITE APPAREL CORP., a New York corporation, doing business as EXQUISITE APPAREL, and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 2:21-CV-1068<br><br>[Superior Court Case No. 20STCV36835]<br><br>**DEFENDANT EXQUISITE APPAREL CORP.'S NOTICE OF REMOVAL**<br><br>[§§ 28 U.S.C. §§ 1332, 1441, and 1446] |

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT AND COUNSEL OF RECORD FOR ALL PARTIES:**

**PLEASE TAKE NOTICE** that Defendant EXQUISITE APPAREL CORP. ("Exquisite" or "Defendant"), sued herein as EXQUISITE APPAREL CORP. d/b/a EXQUISITE APPAREL, hereby removes this action filed in the California Superior Court for the County of Los Angeles (the "State Court Action") to the United States District Court for the Central District of California, Western Division ("District Court") pursuant to §§ 28 U.S.C. §§ 1332, 1441, and 1446.

No previous application has been made for the relief requested herein.

//

Defendant's removal of this matter is based on the grounds set forth below.

## I. BACKGROUND INFORMATION

This is a civil action filed on or about September 25, 2020, by Plaintiff SOLEMNITY PERSONNEL, a California corporation ("Plaintiff"), against Exquisite in the Superior Court of the State of California for the County of Los Angeles – Southeast District, entitled *Solemnity Personnel, a California corporation v. Exquisite Apparel Corp., a New York corporation, doing business as Exquisite Apparel, and Does 1 through 100, inclusive,* Case No.: 20STCV36835. A true and correct copy of the Summons and Complaint is attached as **Exhibit "A"** to the Declaration of David A. Shimkin filed concurrently herewith ("Shimkin Decl.").

Defendant was served with the Summons and Complaint on January 7, 2021. (*See,* Shimkin Decl. at ¶ 4).

Plaintiff's Complaint alleges causes of action for breach of contract, accounts stated, reasonable value of labor and materials furnished, and open book account, to recover monies for alleged staffing services provided by non-party Efficiency Partners ("Efficiency") to Exquisite. This was allegedly pursuant to a written contract allegedly entered into between Efficiency and Exquisite on April 16, 2017. As further alleged in the Complaint, on January 25, 2019, Efficiency, as assignor, assigned all right and title to and interest in the contract to Plaintiff, as assignee. Plaintiff alleges damages in an amount of no less than $580,254.87.

Defendant now seeks to remove this action based on diversity because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

## II. PROCEDURAL COMPLIANCE FOR REMOVAL

### A. Proper Venue:

This Court is the appropriate venue for removal under 28 U.S.C. § 1446(a). The State Court Action is pending before the Superior Court for the County of Los

2
DEFENDANT EXQUISITE APPAREL CORP.'S NOTICE OF REMOVAL

Angeles. This Court is the United States District Court for the "district and division embracing the place where the action was pending." 28 U.S.C. § 1446(a).

### B. Timely Filed Notice:

Defendant timely filed this Notice of Removal. A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b).

Defendant's registered agent for service of process was served with the Summons and Complaint by process server on January 7, 2021. (*See*, Shimkin Decl., at ¶ 4; Proof of Service of Summons, attached as **Exhibit "B"** to Shimkin Decl.). Thirty days from the date of service is Saturday, February 6, 2021, and removal on or before Monday, February 8, 2021 is timely under 28 U.S.C. § 1446(b). *See*, Fed. R. Civ. P. 6(a)(1)(A) (when computing time "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

### C. Copy of State Court File

Pursuant to 28 U.S.C. § 1446(a), Defendant has attached a true and correct copy of all process, pleadings, and orders filed in the State Court Action *other than the Summons and Complaint*, and a copy of the State Court action docket, as **Exhibit "C"** to the Shimkin Decl.

### D. Copies of Notice of Removal

Defendant is serving a copy of this Notice of Removal on Plaintiff's counsel and filing a copy with the clerk of the state court pursuant to 28 U.S.C. § 1446(d). A copy of the notice to Plaintiff and the state court is attached (without exhibits) as **Exhibit "D"** to the Shimkin Decl.

### III. BASIS FOR REMOVAL - DIVERSITY JURISDICTION

This Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1332 (diversity jurisdiction). This is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000,

exclusive of interest and costs.  Accordingly, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b).

### A. <u>Complete Diversity of Citizenship Exists.</u>

Complete diversity of citizenship exists between the parties in accordance with 28 U.S.C. § 1332(a)(1), because this is a civil action among citizens of different states in which the amount in controversy exceeds the sum of $75,000.

#### 1. *<u>Plaintiffs' Citizenship and Complete Diversity</u>*

A corporation is a citizen of the state where (i) it has been incorporated; and (ii) its principal place of business is located.  28 U.S.C. § 1332(c).  The principal place of business for a corporation is determined by the location of its "nerve center," which includes the location of its headquarters and the location where its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 78 (2010). In practice, the principal place of business should normally be the place where the corporation maintains its headquarters. *Id*. at 1192.

Plaintiff is a California Corporation with its principal place of business in California. (*See* Complaint, **Exhibit "A"** to Shimkin Decl. at ¶1; Corporation Statement of Information, attached as **Exhibit "E"** to Shimkin Decl.).  Accordingly, Plaintiff is a citizen of California.

Exquisite is a New York Corporation, with its principal place of business and corporate officers located in New York. (*See* Complaint, **Exhibit "A"** to Shimkin Decl. at ¶2; Corporate Statement of Information, attached as **Exhibit "F"** to Shimkin Decl.; and ¶12 of Shimkin Decl.). Accordingly, Exquisite is a citizen of New York.

Based on the above, there is complete diversity between Plaintiff, a California citizen, and Exquisite, a New York citizen, and this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) (district court has original jurisdiction in civil action between "citizens of different states").

### 2. *Doe Citizenship Not Considered*

Plaintiff also sued under fictitious names certain defendants it calls "Does 1 through 100, inclusive." (Compl., ¶ 4.) The citizenship of such defendants sued under fictitious names must be disregarded for diversity purposes. 28 U.S.C. § 1441(b)(1)) ("the citizenship of defendants sued under fictitious names shall be disregarded.")

### B. The Amount in Controversy Exceeds $75,000.

Exquisite denies the substantive allegations of Plaintiff's Complaint and that Plaintiff is entitled to the relief sought, and Exquisite does not waive any defenses with respect to Plaintiff's claims.

Nevertheless, the amount in controversy requirement is satisfied here because Plaintiff seeks specific relief on its causes of action and alleges monetary damages in the amount of "no less than $580,254.87". (*See* Complaint at ¶¶ 22, 29, 35, 37; *see, also*, Complaint, prayer for relief.)

For purposes of removal, a court measuring the amount in controversy must, *arguendo*, "assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return[] a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The amount in controversy is computed "without regard to any setoff or counterclaim to which the defendant may be adjudged." 28 U.S.C. § 1332)(b).

Based on the above, Defendant has satisfied its burden that the amount in controversy exceeds $75,000.

### IV. CONCLUSION

Defendant respectfully requests that the State Court Action be removed from the State Court in which it was filed to the United States District Court in and for the Central District of California.

Dated: February 5, 2021

COZEN O'CONNOR

By: /s/ David A. Shimkin
David A. Shimkin
*Attorneys for Defendant
Exquisite Apparel Corp.*

*Co-Counsel:*
MONTGOMERY McCRACKEN
WALKER & RHOADS LLP